HARVILL AND WIFE VS. HOLLOWAY, AD.

A widow is entitled to dower in the undivided estate of her deceased husband, held by him and others as tenants in common—and so if the estate be a joint tenancy, as held in *Menifee vs. Menifee*, 3 *Eng.*, 50.

*Appeal from Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

WADDELL, for the appellant.

HARVARD LAW SCHOOL LIBRARY

Mr. Justice COMPTON delivered the opinion of the court.

In this case Robert C. Harvill and Mary M., his wife, filed their petition in the probate court of Ashley county for assignment of dower to the said Mary M., in the estate of her former husband, Berlin V. Holloway, deceased, who, at the time of his death, was a minor, and whose estate consisted of the one-fourth part of certain property belonging to himself and his three brothers, and which remained undivided in the possession of James L. Holloway, their guardian.

The probate court decided that Mrs. Holloway was not entitled to dower, upon the ground that the property had not been divided, and the share of Berlin V. set apart to him in severalty. On appeal, the circuit court affirmed the judgment of the probate court, and in doing so erred. Berlin V. and his brothers were tenants in common; and at common law the widow is dowable of an estate held by her husband and others as tenants in common. *Co. Lit.*, book 1, *chap.* 5, *secs.* 44, 45, *title, Dower.* Even if Berlin V. had held as joint tenant with his brothers—and he did not—still, under our statutory provisions, the widow would be dowable, as held by this court in *Menifee's adm'rs vs. Menifee et al.*, 3 *Eng.*, 50.

The judgment must be reversed, and the cause remanded to the circuit court, with instructions to reverse the judgment of the probate court, and try the case *de novo*.